KENNEDY, Justice.
The plaintiffs, Mary Jo Coates and her daughter Meredith Coates, appeal from a judgment entered in a declaratory judgment action (CV-85-1022) that determined that the Coateses were not entitled to recover from Universal Underwriters Insurance Company (“Universal”) the amount of the jury verdicts that were returned in an automobile accident case (CV-85-835) against Universal’s insured, Harry Spencer. The trial court ruled that the Coateses’ failure to file a supersedeas bond when they appealed from the judgment in the declaratory action prevented their recovery on the judgment entered on the verdicts in the underlying personal injury action against Spencer. In a subsequent declaratory proceeding initiated by Universal in CV-85-1022, the trial court denied the plaintiffs counterclaims to enforce their judgments against Universal. We reverse and remand.
We must determine whether the trial court erred in determining that the judgments against Spencer are unenforceable against Universal.
In August 1985, the Coateses and plaintiff Cleveland Wiggins [1] sued Harry Spencer [2] for damages based on personal injuries they received in an automobile accident. Spencer’s insurance company, Universal, filed a declaratory judgment action (1) to determine whether it had afforded coverage for Spencer and (2) to request injunc-tive relief to prevent the prosecution of the personal injury action. The trial judge, presiding over both actions, enjoined the prosecution of the personal injury action pending the trial of the declaratory judgment action. On April 23, 1987, the trial court entered a declaratory judgment, based on a jury verdict, that determined that Universal had not afforded coverage for Spencer. The trial court also dissolved the injunction , and ordered that “[t]he parties ... may proceed with their preparation for disposition of the case.” The Coateses’ motion for new trial was denied, and on August 6, 1987, the Coateses appealed the judgment in the declaratory action. The Coateses filed security for costs; however, they did not file a supersedeas bond with their appeal, and no motion for stay of the judgment appears in the record.
While the Coateses’ appeal from the judgment in the declaratory judgment action was pending before this Court, the Coateses proceeded with the underlying personal injury action against Spencer. Universal did not defend Spencer in the personal injury action. On April 5, 1988, the jury returned a verdict for Mary Jo Coates in the amount of $40,000 and a verdict for Meredith Coates in the amount of $1,300. A judgment was entered on those verdicts. No appeal was taken, and, of course, Universal did not pay the judgment.
*48 In September 1988, this Court reversed the judgment of the trial court in the declaratory judgment action and determined that Universal had afforded coverage for Spencer. Wiggins v. Universal Underwriters Ins. Co., 539 So.2d 144 (Ala.1988). In August 1989, the trial court, on remand in the subsequent declaratory proceeding initiated by Universal in CV-85-1022, concluded:
“[Ujntil the decision of the Supreme Court of Alabama was released on September 23, 1988, the April 23, 1987, judgment in the declaratory judgment action was a binding and valid order. All the parties were subject and bound by that judgment. Universal Underwriters was and is protected from liability for any authorized action it took pursuant to said judgment.”
The trial court found that the Coateses were not entitled to recover from Universal the amounts of the verdicts that were returned against Spencer in the personal injury action because they had failed to file a supersedeas bond to stay the “legal effect” of the judgment in the declaratory judgment action. The Coateses appealed.
The Coateses argue that “the trial court’s decision rewrites the insuring agreement by adding a condition not embodied in the contract.” They cite the following language in the “insuring agreement” of the policy: “[Universal] will pay all sums the insured legally must pay as damages (including punitive damages where insurable by law) because of injury to which this insurance applies caused by an occurrence arising out of Garage Operations or Auto Hazard.” The Coateses also contend that § 27-23-1 [3] and § 27-23-2,[4] Code 1975, give them, as the injured parties, a “vested interest” in the amount due to the insured by the insurer after the entry of the judgment against the insured. They argue that these statutes have “the effect of establishing privity of contract between the injured party and the insurer,” and, therefore, that they are entitled to collect the amount of the judgment on the verdicts in the personal injury action. Universal contends that the failure to file a supersedeas bond allowed the judgment denying insurance coverage to remain in effect at the time the judgment was entered in favor of the Coateses in the underlying personal injury action against its insured. Thus, it argues, the Coateses were prevented from recovering the amount of the judgment against its insured because there was no coverage at the time the judgment was entered. Furthermore, Universal argues that the Coateses had the responsibility of posting the supersedeas bond to protect themselves from the effect of the trial court’s judgment in the declaratory action.
These arguments miss the point. At the outset, we conclude that Rule 8(a), A.R. App.P., which requires that the appellant file a supersedeas bond to stay the execution of a judgment, has no application in this case. Rule 8(a) reads as follows:
*49 “(a) Stay by supersedeas bond. The appellant shall not be entitled to a stay of execution of the judgment pending appeal (except as provided in ARCP Rule 62(e)) unless he executes bond with good and sufficient sureties, approved by the clerk of the trial court, payable to the appellee (or to the clerk or register if the trial court so directs), with condition, failing the appeal, to satisfy such judgment as the appellate court may render, when the judgment is:
“(1) For the payment of money only, in an amount equal to 150% of the amount of the judgment if the judgment does not exceed $10,000.00, or 125% if the judgment exceeds $10,000.00;
“(2) For the payment of money and also for the performance of some other act or duty, or for the recovery or sale of property or the possession thereof, in such sum, in addition to the sum required for money judgments only in (1) above, as the trial court may in writing prescribe; or if appellant wishes to supersede the judgment as to the payment of money only, the requirements of (1) above shall apply;
“(3) Only for the performance of some act or duty, or for the recovery or sale of property or the possession thereof (or if the judgment includes the payment of money and appellant does not wish to supersede the judgment in that respect), in such sum as the trial court may in writing prescribe.
“The approval of the supersedeas bond by the clerk of the trial court, unless contested by the opposing party, shall constitute a stay of the judgment when the judgment is for the payment of money only, or the payment of money and some other act and the appellant wishes to supersede the judgment as to the payment of money only. In the event the clerk declines to approve the bond, or his approval is contested, the requirements of (b) below shall apply.”
It is clear that the judgment in the declaratory judgment action does not come within the purview of any of the three situations enumerated by the rule. Therefore, the Coateses would not have been entitled to a supersedeas bond, even if they had made application for such a bond.
Finally, we note that once the question in the declaratory judgment action was decided in favor of the insurance company by the trial court, and the plaintiffs filed notice of appeal from that judgment, Universal was required to make a decision. It decided, as it had a right to do, not to provide its insured, Spencer, with a defense in the personal injury action. It could have provided the insured a defense, under a reservation of rights. Its decision not to defend was made although Universal’s liability with respect to any judgment rendered against its insured depended upon the outcome of the appeal in the declaratory judgment action. Thus, when this Court reversed the judgment of the trial court in the declaratory judgment action, the liability of the insurance company for paying the judgment against its insured was determined. We have held many times that the obligation of an insurance company to defend its insured is broader than its obligation to pay any judgment rendered against the insured. Thus, a holding that the policy provided coverage for the insured in the declaratory judgment action of necessity assumed a holding that it was liable to pay the .judgment, to the extent that it did not exceed the limits of the policy.
Accordingly, the judgment of the trial court, holding that the Coateses’ failure to file a supersedeas bond when they appealed from the judgment in the declaratory judgment action prevented their recovery in the personal injury action, is reversed. Likewise, the trial court erred in denying the Coateses’ recovery on their counterclaim. See Code 1975, § 27-23-1 et seq.
REVERSED AND REMANDED.
HORNSBY, C.J., and JONES, SHORES and HOUSTON, JJ., concur.

. Wiggins, who was injured in the automobile accident, dismissed his claim on April 4, 1988.

. Spencer died in March 1987, and an administrator ad litem was appointed for his estate.

. Code 1975, § 27-23-1, states:
"As to every contract of insurance made between an insurer and any insured by which such insured is insured against loss or damage on account of the bodily injury or death by accident of any person for which loss or damage such insured is responsible, whenever a loss occurs on account of a casualty covered by such contract of insurance, the liability of the insurer shall become absolute and the payment of the loss shall not depend upon the satisfaction by the insured of a final judgment against him for loss, or damage or death occasioned by the casualty. No such contract of insurance shall be cancelled or annulled by any agreement between the insurer and the insured after the insured has become responsible for such loss or damage, and any such cancellation or annulment shall be void.”

. Code 1975, § 27-23-2, states:
"Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury, or death or for loss or damage to property, if the defendant in such action was insured against the loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurer and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within 30 days after the date when it is entered, the judgment creditor may proceed against the defendant and the insurer to reach and apply the insurance money to the satisfaction of the judgment.”